FILED

FEB 17 2021

Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

IN THE MATTER OF THE SEARCH OF ) 
THE CELLULAR TELEPHONES ) No.
ASSIGNED CALL NUMBERS ) 21-MJ-27
423-732-4009 ) Filed Under Seal

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Deputy United States Marshal Matthew Kaase, being duly sworn, depose, and state as follows:

### INTRODUCTION AND BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) for information about the location of the cellular telephones assigned call number (the "Target Cellular Device"), both whose service provider is T-Mobile Wireless. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123. The Target Cellular Devices are described herein and in Attachment A, and the location information to be seized and the investigative techniques to be employed are described herein and in Attachment B. The techniques to be used do not allow for the capture of any communication content.

2. I am a Deputy United States Marshal (DUSM) with the United States Marshals Service and have been since August 25, 2015. I currently serve as a criminal investigator in the Greeneville Division of the Eastern District of Tennessee. One of my primary responsibilities is conducting fugitive and sex offender investigations in the Greeneville division. I have knowledge

of the utilization, operation, mechanical and signaling information as it pertains to cellular devices and the carriers attached thereto.

3. In the course of conducting or participating in these investigations, I have been involved in the use of the following investigative techniques: interviewing informants, confidential sources, and cooperating witnesses, conducting physical surveillance; consensual monitoring and recording of both telephonic and non-telephonic communications; and preparing and executing search warrants and arrest warrants that have led to the arrests of subjects.

4. As a result of my personal participation in the investigation detailed below, through interviews with, and analysis of reports submitted by other law enforcement officers of partnering agencies, I am familiar with all aspects of this investigation. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. One purpose of applying for this warrant is to determine with precision the Target Cellular Devices' locations. However, there is reason to believe that the Target Cellular Devices are currently located somewhere within the Eastern District of Tennessee as the last known location of the fugitive was within the same in Sullivan County, Tennessee.

6. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued.

7. Based on the facts set forth in this affidavit, there is probable cause to believe that Billy Anderson Young Jr. is wanted for a violation of 18 U.S. Code 3583 "Violation of a Term of Supervised Release After Imprisonment. There is also probable cause to believe that the Target Cellular Devices' location will assist law enforcement in arresting Billy Young.

2

## PROBABLE CAUSE

### Investigation Background

8.  On December 23, 2020, an arrest warrant was issued in the Eastern District of Tennessee-Greeneville Division for Billy Young. On February 14, 2021 TBI Special Agent David Gratz provided the above listed telephone number for Billy Young. This number was obtained via a confidential source, which during this investigation, has provided additional credible information regarding Young's history and behavior, possible locations, and contact information. This source stated to Special Agent Gratz that they have known Young for approximately 10 years and has known him to use and possess multiple phones and phone numbers at the same time. The source stated that Young contacted them by calls and texts numerous times since 2/11/2021 from the number 423-732-4009 and believes him to be using this number currently. Based on Billy Young's past conviction and from interviews conducted during this investigation I believe Young practiced and is practicing the dealing of narcotics for profit. Based on my training and knowledge, and through 17 years of law enforcement experience, it is my belief that narcotics dealers commonly use multiple cellular devices to conduct their business. This Affiant is confident that the number listed in this search warrant is one of the devices Billy Young is using to communicate.

9.  The phone number 423-732-4009 is owned by T-Mobile Wireless. The affiant knows from training and experience that T-Mobile Wireless is an electronic service provider who is capable of providing the records sought by the requested search warrant, and that the information obtained by the same will assist in locating and apprehending a fugitive from justice, namely, Billy Young, by utilization of location information of the cellular device in his possession. The monitoring of the aforementioned device, not to exceed thirty days, and will cease upon

3

apprehension, is needed to locate and arrest, pursuant to the Order of the Court, a fugitive from justice, namely, Billy Young.

10. In my training and experience, I have learned that T-Mobile Wireless is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

11. Based on my training and experience, I know that T-Mobile Wireless can collect E-911 Phase II data about the location of the Target Cellular Device, including by initiating a signal to determine the location of the Target Cellular Devices on VERIZON's network, or with such other reference points as may be reasonably available.

**MANNER OF EXECUTION**

12. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

13. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Devices or receiving signals from nearby cellular devices, including the Target Cellular Devices. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Devices and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Devices and use that information to determine the Target Cellular Devices' location, even if it is located inside a house, apartment, or other building.

14. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. However, the use of such investigative device will not affect the Target Cellular Devices or any non-target devices' ability to contact the emergency 911 system. In order to connect with the Target Cellular Devices, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Devices, and law enforcement will limit collection of information from devices other than the Target Cellular

Devices. To the extent that any information from a cellular device other than the Target Cellular Devices is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Devices from all other cellular devices.

## AUTHORIZATION REQUEST

15. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rules of Criminal Procedure 41 and 18 U.S.C. § 2703(c). The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123. The monitoring of the aforementioned devices will not exceed thirty days, and will cease upon apprehension of the sought fugitive from justice, namely, Billy Young.

16. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the person carrying the Target Cellular Devices would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates; and flee from prosecution. This warrant does not authorize the collection of the contents of any wire or electronic communications.

17. I further request that the Court direct T-Mobile Wireless to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile Wireless. I also request that the Court direct T-Mobile Wireless to furnish the government all information, facilities, and technical assistance necessary to accomplish the

6

Case 2:21-mj-00026-CRW   Document 2   Filed 02/17/21   Page 6 of 11   PageID #: 7

collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile Wireless' services, including by initiating a signal to determine the location of the Target Cellular Devices on T-Mobile Wireless's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T-Mobile Wireless for reasonable expenses incurred in furnishing such facilities or assistance

18. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to identify the Target Cellular Devices outside of daytime hours.

19. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be **sealed** until further order of the Court. These documents discuss an ongoing criminal investigation. Disclosure of this warrant could cause Candy Ward to destroy evidence and hamper law enforcement's efforts to apprehend him. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

20. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

_____
Matthew Kaase
Deputy U.S. Marshal
United States Marshals Service

SWORN TO AND SUBSCRIBED before me this 17th day of ~~December,~~ February 21 2019.

_____
Cynthia Richardson Wyrick
United States District Judge
Eastern District of Tennessee

## ATTACHMENT A

### Particular Items to be Searched

The cellular telephones assigned call number 423-732-4009 (the "Target Cellular Device"), whose service provider are T-Mobile Wireless, 12920 SE 38th Street, Bellevue, WA 98006, United States, which is being used Billy Young. It is ordered that any Wireless Provider that is associated with 423-732-4009, furnish the information outlined in Attachment B.

Information about the location of the Target Cellular Devices that is within the possession, custody, or control of T-Mobile Wireless, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

# ATTACHMENT B

## Particular Items to be Seized

All information, including historic, current and future data, about the Target Cellular Devices and location described in Attachment A for a period a of thirty days prior to and through thirty days after the issuance of this search warrant, both day and night. Information about the Target Cellular Devices includes all subscriber information, MIN/ESN/IMSI/MSID and billing information, call logs for both received and transmitted phone numbers, time at which calls were placed, duration of the calls, SMS/MMS data including numbers to which messages were sent to, cell site activations, precision tracking through the use of GPS (not to exceed forty five days, beginning on the date of Judicial signature), per call measurement data (PCMD), RTT, NELOS and other location data calculated by the provider. "Information about the location of the Target Cellular Devices" also includes all available E-911 Phase II data, GPS data, latitude-longitude data, Per Call Measurement data (PCMD) and other precise location information, as well as all current and historical call detail records and cell site information, to include data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile Wireless, T-Mobile Wireless is required to disclose the Location Information to the government. In addition, T-Mobile Wireless must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile Wireless services, including by initiating a signal to determine the location of the Target Cellular Devices on T-Mobile Wireless's network or with

1

such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile Wireless for reasonable expenses incurred in furnishing such facilities or assistance. As so defined, this search warrant, as herein ordered by the Court, orders the authorization and implementation of a pen register and trap ad trace device, for the noted time period, pursuant to Rule 41 of the Federal Rules of Criminal Procedure and Title 18, United States Code, §§ 2510, 2703, 3122, and 3123. Said pen register and trap and trace implementation shall be implemented contemporaneously with any other provisions of this warrant, and shall not only apply to the current denoted number, but to any number associated with the same ESN or IMEI of the target device.

Pursuant to an investigation of Billy Young for a violation of Title 18 United States Code 3583, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers for a period of thirty days, during all times of day and night. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

2

Case 2:21-mj-00026-CRW   Document 2   Filed 02/17/21   Page 11 of 11   PageID #: 12